IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv600
[3:90cr85]

| | |
|---|---|
| ERIC LAMONT WHITENER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). This appears to be petitioner's third Section 2255 petition. Whitener v. United States, 3:13-cv-00181; Whitener v. United States 3:97cv262 (W.D.N.C. 1997).

The previous filing and unfavorable disposition of Whitener v. United States, 3:97cv262 (W.D.N.C. 1997) makes the filing of the instant Motion to Vacate *at least* a second or subsequent petition under the Antiterrorism and Effective Death Penalty Act (hereinafter the "AEDPA"). See 28 U.S.C. § 2255. Rule 9 of the Rules Governing Section 2255 Proceedings provides, as follows:

> **Rule 9. Second or Successive Motions**
> Before presenting a second or successive motion, the moving party must obtain an
> order from the appropriate court of appeals authorizing the district court to
> consider the motion, as required by 28 U.S.C. § 2255, para. 8.

1

Rule 9, 28 U.S.C.A. foll. § 2255. The AEDPA requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the district court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, this court may not consider the merits of petitioner's claims because he failed to first obtain authorization from the Court of Appeals for the Fourth Circuit before filing such second petition. Put another way, while petitioner states in his petition he cannot get any court to hear his contentions, in order to do so, he must first apply and then receive permission from the Court of Appeals for Fourth Circuit before this court can take up his contentions.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITHOUT PREJUDICE** for failure to first move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Signed: November 17, 2014

Max O. Cogburn Jr.
United States District Judge